CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN DENNIS JONES, | ) | |
| Petitioner, | ) | Civil Action No. 7:07CV00125 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, DIRECTOR | ) | |
| OF THE VIRGINIA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Brian Dennis Jones, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Jones was notified of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he was warned that judgment might be granted for respondent if he did not respond by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Jones has not responded, the time allotted for his response has expired, and the matter is now ripe for consideration. Upon review of the state court records and the pleadings and exhibits submitted by the parties, the court will grant respondent's motion.

### I. Factual and Procedural Background

The evidence presented at Jones' trial in the Circuit Court for Culpeper County indicates that a team of officers executed a search warrant at a motel room on November 8, 2002. When the officers entered the motel room, they noted that, even though it was very cold outside, the window was open. Jones was closest to the window. Outside, directly beneath the open window, an officer

1

found two "baggies" containing cocaine. In addition, the officers recovered a smoking device, empty baggies, and cash from the motel room. Frank Courtney, another occupant of the motel room, testified that when he was in the motel room on the night of November 8, 2002, he saw Jones sell cocaine to an unidentified woman. Courtney also testified that he saw Jones throw the bags of cocaine out of the motel room window directly before the police entered the room.

At the conclusion of the bench trial, the judge accepted the Commonwealth's evidence and Jones was ultimately convicted of distribution of cocaine, being a third or subsequent offense, in violation of Va. Code Ann. 18.2-248 (Circuit Court Case No. CR03-000145-1). On February 4, 2004, Jones was sentenced to a total term of forty years, with thirty years suspended.

Jones' appeal to the Court of Appeals of Virginia was refused by a single judge of that Court on September 13, 2004. After reviewing the evidence, that Court indicated that the "trial judge found the evidence 'overwhelming' that [Jones] distributed cocaine. He found Courtney's testimony, to be credible, and he did not accept [Jones'] testimony." (Resp't Mot. Dismiss, Ex. C at 2.) The Court concluded that "the trial judge could find beyond a reasonable doubt that [Jones] distributed cocaine." (Resp't Mot. Dismiss, Ex. C at 2.) A demand for reconsideration by a three-judge panel was denied on March 17, 2005. On July 28, 2005, the Supreme Court of Virginia refused his petition for appeal. Jones' petition for rehearing was denied on September 23, 2005.

Jones then filed a habeas corpus petition in the Circuit Court for Culpeper County on April 26, 2006, raising various claims of trial error. On August 16, 2006, the Circuit Court dismissed the petition. Jones' appeal to the Supreme Court of Virginia was denied on January 3, 2007. On March 15, 2007, Jones filed the instant § 2254 petition.

## II. Current Claims

Jones raises the following claims in his § 2254 petition:

(A)  The evidence was insufficient to convict him of distribution of cocaine;

(B)  Trial counsel was ineffective for failing to object to the admission of the scales and baggies confiscated from a car located outside of the hotel room into evidence;

(C)  Trial counsel was ineffective for failing to object to the false testimony of Frank Courtney and was ineffective overall; and

(D)  The Commonwealth Attorney committed prosecutorial misconduct by presenting false evidence at trial thereby violating Jones' Fourteenth Amendment right to a fair trial.

## III. Procedural Default–Claim (D)

The doctrine of procedural default provides that "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985). Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default[1] and prejudice resulting therefrom

---

[1] The Supreme Court has defined cause as "some objective factor external to the defense" which impeded efforts to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must show "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006).

3

or that a failure to consider the claims will result in a fundamental miscarriage of justice[2]. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

Finding that Jones failed to raise Claim (D) at trial or on direct appeal, the Circuit Court expressly dismissed Jones' claim on the ground that it was procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974). It is well-established that the procedural default rule set forth in Parrigan constitutes an adequate and independent state law ground for decision. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Moreover, Jones' pleadings do not include any contentions that there is cause for the default nor does he present any new evidence that would tend to suggest his innocence. Therefore, the court finds that he has not established cause for his procedural default, actual prejudice resulting from that default, or "actual innocence" so as to excuse his procedural default. Accordingly, the court finds that Claim (D) is barred and, therefore, must be dismissed.

### IV. Claims (A), (B), and (C)

Respondent admits that Jones properly exhausted his state court remedies as to the rest of his claims. Therefore, this court may address these claims under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

---

[2] To show "actual innocence," the only miscarriage of justice recognized as sufficient to excuse procedural default, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" if jurors had received specific, reliable evidence not presented at trial. Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999).

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

5

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Court of Appeals of Virginia reasonably applied these principles, this court must determine whether the decision is minimally consistent with the record. Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000).

**Sufficiency of the Evidence–Claim (A):**

Jones first claims that the evidence presented at trial was insufficient to convict him of distribution of cocaine. Having reviewed the record, the court agrees with respondent that there is sufficient evidence to prove Jones' guilt beyond a reasonable doubt. The Court of Appeals of Virginia's review of the evidence adduced at Jones' trial established that Jones was standing beside an open motel room window when officers entered the room. Two baggies of cocaine were recovered directly beneath that window. Furthermore, the police recovered empty baggies and cash from the hotel room. Finally, an eyewitness testified that Jones distributed cocaine to at least one other person that evening and threw the two baggies filled with cocaine out of the window. Based upon the record evidence, this court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. The Court of Appeals of Virginia found that the Commonwealth's

6

evidence was sufficient to prove beyond a reasonable doubt that Jones was guilty of distributing cocaine. The Court reasonably applied the proper standard of review, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, Claim (A) will be dismissed.

**Ineffective Assistance of Counsel–Claims (B) and (C):**

Jones also raises several allegations of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Jones first claims that trial counsel was ineffective for failing to object to the admission into evidence of the scales and baggies (Government Exhibit 7) confiscated from Frank Courtney's car. The state habeas court found that Jones failed to satisfy either prong of Strickland because counsel's decision was a matter of reasonable trial strategy. The Court noted that counsel did not object to the exhibit because it was not tied to Jones and "further buttressed the defendant's [argument] that he was not connected to the distribution of the drugs" and, in fact, implicated the Commonwealth's

7

witness (Courtney). (Resp. Mem., Ex. I at 3.) Such matters of trial strategy should not be second guessed in a habeas corpus proceeding. Strickland, 466 U.S. at 689; see also Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989) (decision not to object is a tactical decision).

Jones further claims that trial counsel was ineffective for failing to object to the false testimony of Frank Courtney. The state habeas court again found that these claims failed to satisfy either the performance or prejudice prong of Strickland. The Court explained that "[p]etitioner's argument is based on the erroneous belief that the witness's testimony was inadmissible because he gave a prior inconsistent statement." (Resp. Mem., Ex. I at 4.) The Court stated that, because impeachment evidence goes to the weight and not the admissibility of evidence, counsel had no basis to exclude the testimony and could not be faulted for failing to make a futile motion. The Court further found that counsel's performance was reasonable because counsel conducted an extensive cross-examination of the witness regarding his prior inconsistent statements and bias.

Jones finally claims that counsel was generally ineffective throughout the trial. The state court determined that, because Jones failed to point to specific acts or omissions on the part of counsel that constituted deficient performance, and failed to demonstrate how they prejudiced him at trial, his claim failed under Strickland.

The court finds that Jones cannot demonstrate that the state court's rejection of his ineffective assistance of counsel claims was contrary to clearly established principles, involved an objectively unreasonable application of Strickland, or was based on an unreasonable determination of the facts. Therefore, Claims (B) and (C) also will be dismissed.

## V. Conclusion

Accordingly, the court finds that Jones is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 21st day of September, 2007.

*/s/ Glen Conrad*
United States District Judge